IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DARREN BERNARD KITCHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 319-039 |
| ) | |
| ANDREW M. SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Darren Bernard Kitchens appeals the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.   BACKGROUND**

Plaintiff applied for SSI on July 30, 2014, alleging a disability onset date of April 6, 2013, which was later amended to July 30, 2014. Tr. ("R."), pp. 15, 128. Plaintiff was forty-two years old on his alleged disability onset date. R. 297. Plaintiff applied for benefits based on allegations of anxiety, high blood pressure, diabetes, obsessive compulsive disorder, and back

pain. R. 301. Plaintiff completed ninth grade and has worked as an assembly line worker and sander. R. 302.

The Social Security Administration denied Plaintiff's applications initially, R. 80-99, and on reconsideration, R. 100-24. Plaintiff requested a hearing before an ALJ, R. 168-82, and the ALJ held a hearing on February 8, 2017. R. 56-79. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Tina Baker-Ivey, a Vocational Expert ("VE"). Id. On March 13, 2017, the ALJ issued an unfavorable decision. R. 125-44.

On March 30, 2017, Plaintiff requested review of the ALJ's decision from the Appeals Council ("AC"), and on January 11, 2018, the AC granted Plaintiff's request for review, vacating and remanding the ALJ's decision. R. 146-49, 223-28. The AC identified one issue, stating the ALJ's March 13th decision inconsistently gave great weight to the psychological exam by Kevin Turner, Ph.D., which assessed Plaintiff as having mild limitations in his ability to interact with others, but there were no corresponding social limitations in the Residual Functioning Capacity ("RFC"). R. 146. The AC then ordered the following:

Upon remand the [ALJ] will:

- Evaluate the claimant's mental impairment in accordance with the special technique described in 20 C.F.R. § 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 416.920a(c).

- Give further consideration to the claimant's maximum residual functional capacity, using specific qualifying terms, during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (20 C.F.R. § 416.945[,] Social Security Ruling ("SSR") 85-16[, and] SSR 96-8p). In so doing, evaluate the nontreating source opinion pursuant to the provisions of 20 C.F.R. § 416.927 and explain the weight given to such opinion evidence.

- Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (SSR 83-14). The hypothetical questions should reflect the specific capacity/ limitations established by the record as a whole.  The [ALJ] will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. § 416.966).  Further, before relying on the vocational expert evidence[,] the [ALJ] will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations (SSR 0-04p).

R. 146-48.

On remand, the ALJ held a second hearing on May 22, 2018.  R. 37-55.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Ms. Baker-Ivey again.  Id.  On October 10, 2018, the ALJ issued an unfavorable decision.  R. 15-28. Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. There is no conclusive evidence that the claimant has engaged in substantial gainful activity since July 30, 2014, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments:  degenerative disc disease of the lumbar spine, degenerative joint disease, depressive disorder, and mild intellectual deficits (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b),[1] except the claimant is limited to occasional climbing of

---

[1]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm

3

      ramps and stairs, balancing, kneeling, crouching, and stooping, but no climbing of ladders or crawling; occasional overhead reaching with the bilateral upper extremities; no concentrated exposure to respiratory irritants (e.g., fumes, odors, or gases) or hazards in the work environment (e.g., unprotected heights, moving machinery). Additionally, the claimant is limited to work involving three-to-four step tasks, occasional decision-making, occasional changes in the workplace, occasional interaction with the public, and working around co-workers with only occasional interaction. The claimant has no past relevant work (20 C.F.R. § 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969, and 416.969(a)). The claimant has not been under a disability, as defined in the Social Security Act, since July 30, 2014, the date the application was filed (20 C.F.R. § 416.920(g)).

R. 15-28.

When the AC denied Plaintiff's request for review of the second ALJ decision, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ failed to properly comply with the AC's remand order by not properly evaluating Plaintiff's mental impairments according to 20 C.F.R. 416.920a. See doc. no. 14 ("Pl.'s Br."); doc. no. 16 ("Pl.'s Reply Br."). Specifically, Plaintiff contends the ALJ (1) made no determination regarding Plaintiff's ability to interact with supervisors, instead including in the RFC only a limitation of occasional interaction with co-workers and the public; and (2) omitted any discussion of Plaintiff's ability to concentrate, persist and maintain pace. (Pl.'s Br.,

---

      or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

pp. 11-12.) The Commissioner maintains the ALJ complied with the AC's remand order, and the decision to deny Plaintiff benefits is supported by substantial evidence and should be affirmed. See doc. no. 15 ("Comm'r's Br.").

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

The four functional areas used to determine the degree of mental impairment are as follows:  (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00E.  Focusing on areas two and three, Plaintiff contends the ALJ failed to consider Plaintiff's ability to (1) interact with supervisors under area two, and instead considered only Plaintiff's ability to interact with co-workers and the public; and (2) concentrate, persist and maintain pace under area three.  (Pl.'s Br., pp. 11-12; Pl's Reply Br., pp. 1-3.)  Both contentions fail.

First, there is no reversible error in the ALJ's omission of supervisors from the area two limitations because the ALJ found Plaintiff was moderately impaired in interacting with others and limited Plaintiff to "occasional interaction with the public, and working around co-workers with only occasional interaction . . . ."  R. 21, 25.  The ALJ further limited Plaintiff to simple tasks of three to four steps, occasional decision making, and occasional

changes in the workplace.  R. 21, 25.  In the Eleventh Circuit, an ALJ is "not required to refer to supervisors when the residual functional capacity assessment and the hypothetical question include[s] a restriction on [the claimant's] social interaction in the workplace."  Brothers v. Comm'r of Soc. Sec., 648 F. App'x 938, 938 (11th Cir. 2016) (*per curiam*); see also Ybarra v. Comm'r of Soc. Sec., 658 F. App'x 538, 542 (11th Cir. 2016) (*per curiam*) (finding moderate limitations in taking criticism from supervisors adequately accounted for in RFC limiting claimant to "short, simple, instructions" and "only occasional contact with co-workers and the general public on routine matters").  This is consistent with the more general principle "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision" so long as the Court can determine the ALJ considered Plaintiff's condition as a whole.  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*).

   Second, Plaintiff argues the ALJ erred by failing to consider and include in the RFC any limitation concerning the area three functional categories of ability to concentrate, persist, and maintain pace.  The ALJ addressed Plaintiff's limitations at area three by agreeing with Dr. Turner that Plaintiff has no impairment in his ability to focus, concentrate, and persist.  R. 25.  The ALJ cited with approval the opinions of Dr. Hammonds and another state agency consultant that Plaintiff "has sufficient attention and concentration for simple tasks in a forty-hour workweek."  Id.  Because of Plaintiff's difficulty with complex instructions, however, the ALJ agreed with Dr. Hammonds that Plaintiff's work would need to be limited to simple, repetitive tasks and included within the RFC the limitation of "work involving three-to-four step tasks."  R. 21, 25.  While there is a reference by the ALJ of Plaintiff having moderate impairment in area three, the ALJ explained Plaintiff had "average concentration, attention, persistence, and pace" but difficulty attempting to "follow more

7

detailed multistep instructions." R. 19.  In accordance with these findings, the ALJ fashioned an RFC that contained no area three limitations but limited Plaintiff to simpler, "three-to-four step tasks."  R. 21.  The ALJ's decision to impose no limitations in the RFC regarding Plaintiff's ability to concentrate, persist, or maintain pace is thus reasonable and based on substantial evidence.  More generally and in conclusion, the Court finds the ALJ complied with the AC's remand order by providing specific findings and appropriate rationale for the four functional areas and Plaintiff's RFC.  Therefore, remand is not warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 26th day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA